# WILLIAM CAMPBELL
## v.
# KEZIAH M. MOORE ET AL.

ASSIGNMENT OF DOWER.—It is not necessary to a valid assignment of dower that legal proceedings should be instituted by either party. The person on whom the right or duty is devolved of making the assignment, may at once proceed to set apart to the widow her proportion of the estate, and if this be fairly done, it is as effectual and binding as if performed under a judgment or decree of the court. Where a party purchasing, at different times, portions of an estate of the heirs, with the heir measured off the widow's proportion, and the widow was aware of and acquiesced in such assignment, and the purchaser made lasting improvements upon his land, the widow could not afterward sustain a bill for partition and assignment of dower against the purchaser.

APPEAL from the Circuit Court of Cass county; the Hon. C. EPLER, Judge, presiding. Opinion filed May 22, 1884.

Messrs. POLLARD & PHILLIPS, for appellant; as to assignment of dower, cited Hyzer v. Stokes, 3 B. Monroe, 117; Rich v. Kent, 7 Bush, 53; Wallis v. Smith, 2 S. & M. (Miss.) 220; Dudding v. Hill, 15 Ill. 61; Smallwood v. Bilderback, 16 N. J. 497.

Dower may be assigned by parol: Tyler on Infancy and Coverture, p. 632, § 430; 4 Kent's Com. 69.

Messrs. KETCHAM & GRIDLEY, for appellees; cited Simpson v. Ham, 78 Ill. 203.

HIGBEE, J. This was a bill for partition and the assignment of dower by the widow and a part of the heirs at law of William Moore, deceased, against William Campbell, the owner by purchase, from the remaining heirs of eight twelfths of the title in fee to the premises in controversy.

The bill also claims rent in behalf of the widow against Campbell, for the use and occupation of a portion of the prem-

ises for several years. The cause was heard on bill, answer, replication and proofs, and the court, after finding a quarantine right in the widow to retain the possession of the whole of the premises until dower was assigned, and that Campbell had occupied a part of the premises for several years, subject to such right, without assigning dower, decreed the assignment of dower, and that Campbell pay to the widow for the use and occupation of the premises, the sum of $865.43.

The assignment of errors questions the correctness of this decree. The right of a widow to continue to reside in her husband's house after his death until her dower was assigned, was of very early origin in England. This right, however, was limited by the great charter of King John to forty days, within which time the dower must be assigned. By the statute in this State, in force when the rights of the parties in this case accrued, it was provided: "The widow may, in all cases, retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation and rent until her dower be assigned."

Upon the death of her husband, Mrs. Moore was undoubtedly entitled to the possession of the whole of the premises in controversy, and had the right to retain the same until her dower should be assigned. This right could be terminated at any time by the heir or person having the next estate of freehold or inheritance assigning to the widow her dower, or, like any other property right, it could be abandoned or forfeited by the voluntary act of the widow.

The principal defense relied upon in this case was that dower had been assigned by Campbell before he occupied the premises, and this presents the main question we are to consider.

William Moore, the ancestor, died intestate, in Cass county, April 26, 1865, seized in fee of the title to two hundred and three acres of land in cultivation, upon which he resided with his family at the time of his death, leaving him surviving his said widow, Keziah, and twelve children, who were his only heirs at law. After the death of her husband, the widow con-

Campbell v. Moore et al.

tinued to reside on the premises and rented the land, all of which was in cultivation, to her sons John and Bruce, who resided with her and paid her rent annually.   Appellant, Campbell, owned and occupied a farm adjoining, on the east side of the premises in controversy.   In the spring of 1872 Campbell purchased the interests of two of the heirs and received from them conveyances therefor, and rented two thirds of the interests so purchased to John and Bruce Moore for two years, they paying cash rent therefor.   In 1876 he purchased the interest of another heir, when John and Bruce, not being willing to pay cash rent any longer, agreed with Campbell to separate the part he was entitled to from the dower right of their mother.   They agreed that Campbell should have eleven acres, and the widow the balance, or five acres and eleven twelfths for the share of each heir so purchased. They then took a rope one rod long and measured off to Campbell, for his interest in the three shares so purchased by him, thirty-three acres on the east side adjoining his home farm and left the balance for the widow, adjoining her other lands. Campbell at once entered into possession of the part assigned him, and Bruce and John continued in the possession of the part assigned to the widow, as her tenants.   In like manner, two more shares were purchased by Campbell in 1877 and 1878, and eleven acres for each share set off to him adjoining his other land, and the balance assigned to Mrs. Moore. adjoining hers, in the spring of 1879, and in the fall of that year he purchased John's interest, when Bruce, being absent, Mrs. Moore sent her son Charles to set off to Campbell eleven acres more, which he did.   At the August term, 1882, of the Cass Circuit Court, a part of the heirs filed a bill against Campbell and Mrs. Moore for partition and assignment of dower. Pending this bill, Campbell bought two more shares, making in all owned by him eight twelfths of the title.   Before the hearing of the cause, Bruce and Campbell, for the purpose of saving costs, agreed to get a surveyor and divide the land according to the rights of the parties, provided Campbell would still take eleven acres for each share, and allow his mother the rails on the part that should be assigned to him.   In this

Bruce professed to act under the direction and advice of his mother. This arrangement was carried out, the surveyor set off to Campbell, including what had been previously assigned him, ninety acres in all on the east side of the tract, and then at the request of Bruce, set off the shares of the other heirs next to him, and assigned to the widow one third on the west side, including the house and outbuildings. In the spring following the fence was moved by some of the Moore family, off from Campbell's land onto the line between him and the Moore land west, according to the agreeme t made between Bruce and himself at the time of the division.

On February 21, 1883, the widow, who was a defendant to the original bill: filed a cross-bill asking for the assignment of her dower and for rents and profits for use and occupation, against Campbell; and upon the hearing the decree appealed from was rendered.

As each division was made, Campbell immediately took possession of the part allotted to him, and Mrs. Moore, who resided on the place all the time, occupied the balance by her tenants. At first she received rent from her tenants, John and Bruce, for the whole of the land, but when they rented two thirds of two shares from Campbell, she collected rent from them for the remaining third only, and as assignments were made to Campbell for each share purchased from time to time, she abated her claim for rent on the portion assigned to him. She lived in sight of the premises, and saw Campbell and his son make lasting and valuable improvements thereon, which the court found by the decree to be of the character and value following: $150 for a hedge fence; $25 for resetting a fence; $95 for tiling and ditching on the land assigned to and occupied by him; and $123.02 for taxes paid on the same. The taxes were paid together and one receipt taken therefor and adjusted between the parties each year by the widow paying one third and the owners in fee two thirds, Campbell paying according to his interest in the land. It is idle to pretend that Mrs. Moore was ignorant of these proceedings, on the contrary, the evidence is overwhelming that she knew all about the divisions made from time to time by her sons, and

acquiesced in the same by receiving rent from them from year to year for the part assigned to her for her dower only, and making no claim for rent for the part set off to Campbell.

By accepting the part assigned her for dower and permitting Campbell to occupy the balance as owner, she abandoned all right to retain the possession of the part so surrendered to him, and was not entitled to rent therefor, and this follows whether the assignment of dower was legal in all respects or not. But as between the widow and Campbell, why was not the assignment of dower, made by the parties, valid and binding?

The statute makes it the duty of the heir or person having the next estate of inheritance or freehold, to lay off and assign dower as soon as practicable after the death of the husband, and in case of failure to do so for one month, the widow may petition the court to assign her dower.

In Scribner on Dower, Vol. 2, p. 65, it is said: "It is not necessary to a valid assignment of dower that legal proceedings should be instituted by either party. The person on whom the right or duty is devolved of making the assignment may at once proceed to set apart to the widow her proportion of the estate; and if this be fairly done, it is as effectual and binding as if performed under a judgment or decree of the court." And on page 66: "Dower may be assigned by parol. The widow being entitled by common right, nothing is required but to ascertain her share; and when that is accomplished by assignment, and she has entered, the freehold vests in her without livery of seizin or writing, and this is true, not only when the dower is assigned in the manner prescribed by law, but also when a different mode of assignment is adopted by agreement, as when a rent issuing out of the lands, or an undivided third part is allotted to the widow." The assignment of dower in this case, as between the widow and Campbell complies with all these requirements.

The amount assigned Mrs. Moore was her full proportion; it was fairly made, she accepted and occupied it for several years without objection, and permitted Campbell to occupy the part assigned to him, in the full belief that he had per-

formed his whole duty in the assignment of her dower; and we can see no reason, either upon principle or authority, why this was not a valid assignment of dower as between the parties. How far it was binding upon the other heirs need not be considered, as they do not complain of it, and their rights are not involved in the question now under consideration.

Upon the case made by the bill and proof, we are of opinion the court not only erred in decreeing the payment of rents and profits to the widow, but also in ordering a new assignment of dower as between her and Campbell.

If the assignment already made and acquiesced in by the parties is to be set aside and a new assignment of dower made, the grounds for such action should be set out in the bill and sustained by proof, neither of which is done in this case.

Other questions are discussed, which in the view we have taken of the case, it is not necessary to notice here.

Decree reversed and cause remanded.

Reversed and remanded.